# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:13-CR-214-3 |
| ) | |
| ) | |
| ANDREW LAMAR COLEY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion to Reduce Sentence re Compassionate Release, which includes a request for the appointment of counsel. (ECF No. 170.) The Government filed its response opposing Defendant's motion to reduce sentence, (ECF No. 174), and Defendant filed a reply. (ECF No. 175.) Defendant subsequently filed a document entitled "Motion Of Course" in which he asks the Court to address his motion for compassionate release. (ECF No. 182.) Defendant also filed a brief providing additional argument in support of his motion for compassionate release. (ECF No. 195.) For the reasons discussed below, Defendant's Motion to Reduce Sentence re Compassionate Release, (ECF No. 170), will be granted insofar as he asks for a reduction in his sentence. The Court declines in its discretion to appoint counsel in this matter as Defendant is not entitled to counsel as a matter of right and he has demonstrated his ability to present his arguments through multiple filings. His Motion of Course, (ECF No. 182), will be denied as moot.

## I. BACKGROUND

Defendant was part of a four-person conspiracy involved in more than twelve violent armed robberies between October 2012 and February 2013. (ECF No. 171, ¶¶ 1-18.)[1] On July 30, 2013, Defendant was charged for these crimes in a thirty-seven-count superseding indictment. (ECF No. 32.) On October 11, 2013, he pleaded guilty to two counts of Carry and Use, by brandishing, a firearm during and in relation to a crime of violence under 18 U.S.C. §§ 924(c)(l)(A)(ii) & 2, and one count of Conspiracy to Interfere with Commerce by Robbery in violation of 18 U.S.C. § 1951(a). (ECF No. 68 at 1.) As part of the plea agreement the remaining charges were dismissed. (*Id.*) Defendant was subsequently sentenced by the Court to 84 months on the robbery charge, 50 months on the first 924(c) charge, and 180 months on the second 924(c) charge, sentences to run consecutively, for a total of 314 months of imprisonment and five years of supervised release. (*Id.* at 2-3.) Defendant, who is 32 years old, has a current projected release date of June 1, 2035.[2]

In his Motion to Reduce Sentence re Compassionate Release, Defendant requests a reduction in sentence based on the First Step Act's amendments to 18 U.S.C § 924(c) and asks for the appointment of counsel to assist on the motion.[3] (ECF No. 170 at 1-2.) Defendant argues the discrepancy between his "stacked" 924(c) sentence and the sentence he would

---

[1] The Pre-Sentence Report, (ECF No. 171), is filed with the Court under seal.

[2] Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Feb. 11, 2025) (enter "29150-057" in BOP Register Number field).

[3] Although Defendant titles his motion "Emergency Covid-19 Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)," his request for a reduction in sentence is based on changes in the law under the First Step Act of 2018. He does not assert Covid-19 as a reason for a reduction in sentence. Rather, he refers to Covid-19 in support of his request for counsel explaining that because of Covid-19 lockdowns he has reduced access to legal materials, and therefore, requires the assistance of counsel. (ECF No. 170 at 1-2.)

receive under the current sentencing scheme warrant a reduction in his sentence. (*Id.* at 5-18.) He also contends a consideration of the factors under 18 U.S.C. § 3553(a), including his post-conviction behavior and efforts while incarcerated, supports the request for compassionate release. (*Id.* at 21-22.)

The Government opposes the motion arguing the length of the sentence is not extraordinary and compelling in this case. It notes that as a result of a "sealed motion by the Government," Defendant was sentenced "well below his guideline range and below the usual applicable statutory minimum . . . ." (ECF No. 174 at 3.) The Government also argues a reduction is not supported under the 18 U.S.C. § 3553(a) factors. (*Id.* at 11.)

## II. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provide a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) extraordinary and compelling reasons exist to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant satisfied the exhaustion requirement by filing a request for compassionate release with the Bureau of Prisons on or before February

3

1, 2021, more than thirty days before he filed the instant motion. (ECF No. 174-1.) The Court will, therefore, proceed to the merits of Defendant's motion.

### A. Extraordinary and Compelling Reasons

The Court may reduce a defendant's sentence if it finds "extraordinary and compelling reasons warrant such a reduction" and a "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). Section 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825 (2010). A change in the law may be an extraordinary and compelling reasons to support a modification of sentence. *See Davis*, 99 F.4th at 654.

Defendant was sentenced to a total of 314 months imprisonment, 84 months for the robbery conviction, 50 months for the first 924(c) conviction, and 180 months for the second § 924(c) conviction. (ECF No. 68 at 2.) As Defendant argues, under the law at the time of his sentencing Count 28s was classified as a "second or subsequent" conviction under 18 U.S.C. § 924(c)(1)(A)(ii), thereby requiring a mandatory minimum sentence of 25 years (300 months). (ECF No. 171, ¶¶ 183-84.) The First Step Act enacted after Defendant's sentencing changed the process and requires a second or subsequent conviction must "arise from a separate case" that is final. *United States v. Jordan*, 952 F.3d 160, 171 (4th Cir. 2020). Although these changes were not made retroactive, *id.* at 174, the Fourth Circuit has recognized non-retroactive changes may be an extraordinary and compelling reason to support a modification of sentence. *See Davis*, 99 F.4th at 657-58; *United States v. McCoy*, 981 F.3d 271, 285-86 (4th

4

Cir. 2020). The Sentencing Commission policy guidelines specify a non-retroactive change in the law may be an extraordinary and compelling reason to modify a sentence when:

> (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least 10 years; and (c) an intervening change in law has produced a gross disparity between the sentence imposed and the sentence likely to be imposed under the change in the law.

U.S.S.G. § 1B1.13(b)(6).

As the sentencing law now exists Count 28s would not be treated as a second or successive offense under § 924(c). Without the stacked sentence, Defendant's minimum sentencing exposure would be reduced substantially from 300 months to 84 months on that count. While the Government is correct that Defendant's sentence of 180 months on Count 28s was far less than the mandatory minimum applicable at the time of sentencing, his sentence was calculated relying on a starting point of 300 months. (ECF No. 79 at 3.) At sentencing the Government made a motion for a forty percent departure pursuant to U.S.S.G. § 5K1.1 from the otherwise applicable sentencing range and the Court sentenced Defendant accordingly. (*Id.*) The starting point for the calculation on the second 924(c) count was eighteen years longer than mandatory minimum exposure he would face if he was sentenced today. And Defendant's 180-month sentence is eight years longer than the mandatory minimum exposure he would face on that count if he was sentenced today without the § 5K1.1 reduction. If given a similar § 5K1.1 benefit under the current guidelines Defendant's total sentence would likely be in the range of 185 months, more than ten years less than his current sentence. Therefore, although the Government is correct that Defendant received reduction based on the Government's 5K1.1 motion at the time of sentencing, the record demonstrates both an unusually long sentence and a gross disparity between the sentence imposed and the

5

Case 1:13-cr-00214-LCB    Document 209    Filed 02/13/25    Page 5 of 10

sentence likely to be imposed under the current law. Moreover, Defendant has served more than 10 years of his sentence. (ECF No. 68 at 2.) Consequently, the Court finds Defendant has established an extraordinary and compelling reason that may support a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A).

### B.  Section 3553(a)

Having found an extraordinary and compelling reason, the Court must consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). In considering a reduction in sentence, the Court weighs whether the nature of the offense, a defendant's personal history, the sentence relative to the nature and seriousness of his offense, the need for a sentence to find just punishment for the crime, the need to protect the public and deter crime, the need to provide a defendant with effective rehabilitative circumstances, the need to avoid sentencing disparity, and other sentencing considerations weigh in favor of relief. 18 U.S.C. § 3553(a). A court may consider post-sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d). Relative youth together with a substantial sentence is also a relevant consideration in weighing a request for a reduction of sentence. *See McCoy*, 981 F.3d at 286.

The Government argues a reduction is not supported by the § 3553(a) factors. The Government contends the crimes were violent and part of a much larger crime spree and that Defendant "presents an ongoing risk of danger to the community." (ECF No. 174 at 11.)

The Court recognizes the crimes committed by Defendant and his co-defendants were violent and serious offenses. Defendant confronted victims in at least eight of the robberies

6

and in other offenses acted as the getaway driver. (ECF No. 171, ¶¶ 24-35.) While Defendant never discharged his weapon, he brandished a handgun in at least three of the robberies. (*Id.*) In one crime, a victim was shot in the leg by a co-defendant who fired his gun through a locked door, and in at least one other offense a victim gave chase and discharged his weapon creating a substantial risk of harm. (*Id.*, ¶ 34-35.)

However, the Court finds that a consideration of the § 3553(a) factors overall weighs in favor of a reduction in sentence. Defendant was 20 years old at the time of the offenses, and prior to the instant crimes had no criminal history.[4] The offenses all occurred over several months in 2012 and 2013, and before the crime spree Defendant was a good student and community member attending college and working a part-time retail job. (ECF No. 171, ¶¶ 178-80.) Defendant was twenty-one years old when sentenced and has presently served over twelve years in prison. His expected release date is June 1, 2035, and he will be forty-two years old at that time. (ECF No. 174-2.)

Post-conviction evidence also weighs in Defendant's favor. Defendant accepted responsibility for his actions, apologized, and indicated he learned from his mistakes. (ECF No. 79 at 12.) During his time incarcerated, Defendant has maintained good institutional behavior, taken steps towards rehabilitation, and made some payments towards restitution. (ECF No. 170 at 23-31.) He has completed education courses in Real Estate, OSHA 10-hour construction safety and health class, and Business Sales and Promotion which will be useful when he is released. (*Id.* at 23, 24.) He has enrolled in a culinary arts course and works as part of the prison dining crew. (*Id.* at 25, 27.) Defendant, who admitted to some alcohol and

---

[4] According to the Presentence Report, a criminal record check showed only two citations, one for speeding and one for improper equipment. (ECF. No. 171, ¶ 164.)

marijuana use prior to his incarceration, has participated in a drug treatment program. (ECF No. 171, ¶ 177.) According to the assessment performed by the Bureau of Prisons, Defendant presents an overall low risk level, minimum violence level, and has no history of violence while in custody. (ECF No. 170 at 27.) Defendant recognizes the seriousness of his behavior, but argues he is not an ongoing threat to society and is a "different person that participated in a very serious and dangerous youthful indiscretion at the age of 20." (ECF No. 175 at 8.) He argues he now "determinedly adhere[s] to the rules and the behavior indicative of a changed man." (*Id.*)

The Court also considers "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *see United States v. Trotman*, 837 F. App'x 187, 188–89 (4th Cir. 2020). Defendant was one of four participants in the crimes and the only one with no criminal history. The Court recognizes the men entered into different plea arrangements with the Government which impacted the length of the sentences. However, two of the co-defendants are serving sentences of 204 months imprisonment and 174 months imprisonment arising from their roles in the same offenses.[5]

Finally, as the Court discussed above, if sentenced today for the same offenses Defendant's mandatory minimum sentence under the second § 924(c) count would be 84 months, 18 years shorter than the mandatory minimum used as a starting point for the calculation of his sentence and 8 years shorter than the sentenced he received with the § 5K1.1

---

[5] The third co-defendant is serving a substantially longer sentence of 456 months. This co-defendant pleaded guilty to the same counts as Defendant, but without the benefit of any reduction under U.S.S.G. § 5K1.1. He also has a prior criminal conviction for second-degree murder. *See United States v. Currie*, No. 1:13CR214-1 (ECF No. 54 at 1-2; ECF No. 109, ¶ 214.)

benefit. Even allowing for the number and very serious nature of the offenses, the Court concludes a shorter sentence will not offend the goals of sentencing for these crimes. As the current sentencing scheme for 924(c) indicates, the need for just punishment, to protect the public, and to deter crime can be satisfied with a reduced sentence.

Accordingly, after an individualized consideration of the § 3553 factors, the Court finds that a reduction in sentence is appropriate. With the goal of a sentence "sufficient, but not greater than necessary" the Court will reduce Defendant's 180-month sentence on Count 28s to 50 months.

### C. Appointment of Counsel

Within his motion for compassionate release, Defendant asks for the appointment of counsel. (ECF No. 170 at 1-3.) Defendant asserts that during the Covid-19 lockdowns he had reduced access to legal research and discovery. (*Id.* at 1.) He also argues the "'interest of justice' warrant[s] appointment of legal counsel such that Defendant will have the benefit of rapidly changing case law . . . ." (*Id.*) The right to counsel does not extend beyond the first appeal of right. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). A motion under § 3582(c)(1)(A) is not an opportunity to relitigate sentencing issues and does not require appointment of counsel or a hearing on the claims. *Id.* Defendant has failed to show a particular need that supports appointing counsel in this matter, and as shown by his filings, he is capable of clearly presenting the reasons he believes he is entitled to relief. Accordingly, his request for counsel will be denied.

### D. Motion of Course

Lastly, the Court considers Defendant's Motion of Course, (ECF No. 182). The motion urges the Court to rule on his compassionate release motion. With the entry of this

9

Order, Defendant will have a ruling on his Motion to Reduce Sentence re Compassionate Release. Accordingly, the Court finds the Motion of Course is denied as moot.

Based on the reasons stated herein, the Court enters the following:

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence re Compassionate Release, (ECF No. 170), is **GRANTED** as follows:

Defendant's sentence on **Count 22s remains unchanged** at 50 months imprisonment and his sentence on **Count 37 remains unchanged** at 84 months imprisonment.

Defendant's sentence on **Count 28s** of the indictment **is reduced to 50 months imprisonment**, the time on **Count 28s to run consecutively** to all other terms of imprisonment.

Defendant's sentence and sentencing conditions remain otherwise unchanged.

Defendant's Motion of Course, (ECF No. 182), is **DENIED** as moot.

This, the 13th day of February 2025.

<pre>
                                   /s/ Loretta C. Biggs            
                                   United States District Judge
</pre>